# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 7:07-cr-4 (HL) |
| RODERICK RICHARDSON, | : | |
| Defendant. | : | |

## ORDER

Before the Court is Defendant Roderick Richardson's Motion for Rule 35 Based on Substantial Assistance (Doc. 144), filed April 11, 2008. The Government has not responded to the Motion.

In his Motion, Richardson claims that the United States Attorney agreed to move under Federal Rule of Criminal Procedure 35(b) for a reduction in Richardson's sentence based on substantial assistance rendered by him. As Richardson notes, the United States Attorney has not so moved and, therefore, Richardson has taken it upon himself to file a Rule 35(b) Motion on his own behalf. Unfortunately for Richardson, the law does not permit this Court to reduce a sentence based on a defendant's Rule 35(b) motion for reduction of sentence.

Case law makes clear that the decision to file a motion for downward departure lies within the sound discretion of the Government. United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997). In the absence of a motion by the United States Attorney, the Court has no authority to reduce Richardson's sentence under Rule 35. United States

v. Howard, 902 F.2d 894, 897 (11th Cir. 1990) (holding that "[b]oth section 5K1.1 and Rule 35(b) require a motion by the government before the court can reduce a sentence").

In limited circumstances a district court may review a prosecutor's refusal to file a substantial assistance motion. The Supreme Court of the United States has held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-86, 112 S. Ct. 1840, 1843-44 (1992). The Court has also held that a defendant may "be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end." Id. at 186, 112 S. Ct. at 1844. And, of course, review may be obtained in those circumstances where the Government has failed to carry through on a promise that induced a defendant to enter into a plea agreement. Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971).

Relying on the decision in Wade, the United States Court of Appeals for the Eleventh Circuit held in 2000 that the government did not violate a defendant's due process rights by not filing a substantial-assistance motion even though the government conceded that the defendant provided substantial assistance. United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000). The court construed the decision in Wade as limiting the government's power to file substantial-assistance motions "only to the extent that the government cannot exercise that power, or fail to exercise that

power, for an unconstitutional motive." Id. at 831.

Richardson's Motion does not suggest that the United States Attorney's promise of a Rule 35(b) motion induced him to enter into a plea agreement, nor does the Motion suggest that the United States Attorney's refusal to file a Rule 35 Motion is based on an unconstitutional motive. In the absence of any such allegations, this Court is not even at liberty to review the United States Attorney's refusal to file a Rule 35(b) motion. Thus, in the absence of a Rule 35(b) motion from the United States Attorney, Richardson's Motion must be, and is hereby, denied.

**SO ORDERED**, this the 15th day of May, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls